UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case Number 08-20334-BC
        Honorable Thomas L. Ludington

DOUGLAS ASKEW,

        Defendant.
_____ /

**ORDER DIRECTING GOVERNMENT RESPONSE TO DEFENDANT'S MOTION FOR A SENTENCE REDUCTION PURSUANT TO THE FAIR SENTENCING ACT**

Defendant Douglas Askew was charged in a March 3, 2008 criminal complaint with distributing cocaine base in violation of 21 U.S.C. § 841(a)(1). The complaint alleged the offending conduct occurred on March 9, 2007 in Saginaw County, Michigan. On June 30, 2008, Defendant entered a guilty plea pursuant to a Rule 11 plea agreement [Dkt. # 12], which specified a sentencing guideline range of 57 to 71 months imprisonment. On October 10, 2008, Defendant was sentenced to 65 months imprisonment [Dkt. # 19].

On August 3, 2010, President Obama signed the Fair Sentencing Act of 2010 into law. Pub. L. No. 111-220, 124 Stat. 2372 (2010). The statute reduces the disparity between the mandatory prison sentences that apply to offense involving powder cocaine compared to offenses involving cocaine base or crack cocaine. At the time Defendant was sentenced, a conviction for distribution of 5 grams of crack cocaine triggered a mandatory minimum of 5 years imprisonment. By contrast, a defendant could distribute up to 500 grams of powder cocaine before the mandatory minimum was triggered. The 100-to-1 disparity was reduced to approximately 18-to-1 by the statute, which raised the quantity of crack cocaine that triggers the 5-year minimum prison sentence to 28 grams.

On August 20, 2010, Defendant filed a petition for a reduction of his 65-month sentence, contending that the Fair Sentencing Act should be applied retroactively and that his sentence should be reduced. The statute is silent as to its retroactive application, but Defendant contends that silence creates a "presum[ption] that Congress meant for the changes to be retroactive." Def.'s Mot. at 2 (citing *Goodyear Atomic Corp. v. Miller*, 486 U.S. 174, 184–85 (1988); *Snappy v. Unlimited Concepts, Inc.*, 208 F.3d 928, 936 (11th Cir. 2000)).

In this particular instance, there may be other reasons to deny Defendant's motion. For example, it appears to have been filed after the one-year limitations period on motions attacking federal sentences, 28 U.S.C. § 2255(f), and the 65-month sentence was within the guideline range provided by the Rule 11 agreement. The retroactivity question raised, however, is important and likely to recur with some frequency in the coming years. Accordingly, the government will be directed to provide a response specifically addressing the application of the Fair Sentencing Act in cases like this one. That is, does the Fair Sentencing Act have any retroactive application in a case where the defendant was convicted and sentenced before the statute was enacted?

Accordingly, it is **ORDERED** that the government shall file a response to Defendant's motion for a sentence reduction pursuant to the Fair Sentencing Act on or before **September 14, 2010**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: August 30, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 30, 2010.

                                            s/Tracy A. Jacobs
                                            TRACY A. JACOBS