UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

               Case Number 08-20334-BC
v.               Honorable Thomas L. Ludington

DOUGLAS ASKEW,

    Defendant.
_____ /

## ORDER DENYING DEFENDANT'S PETITION FOR A SENTENCE REDUCTION PURSUANT TO THE FAIR SENTENCING ACT

Defendant Douglas Askew was charged in a March 3, 2008 criminal complaint with distributing cocaine base in violation of 21 U.S.C. § 841(a)(1). The complaint alleged the offending conduct occurred on March 9, 2007 in Saginaw County, Michigan. On June 30, 2008, Defendant entered a guilty plea pursuant to a Rule 11 plea agreement [Dkt. # 12], which specified a sentencing guideline range of 57 to 71 months imprisonment. On October 10, 2008, Defendant was sentenced to 65 months imprisonment [Dkt. # 19].

On August 3, 2010, President Obama signed the Fair Sentencing Act of 2010 into law. Pub. L. No. 111-220, 124 Stat. 2372 (2010). The statute reduces the disparity between the mandatory prison sentences that apply to offenses involving powder cocaine compared to offenses involving cocaine base or crack cocaine. At the time Defendant was sentenced, a conviction for distribution of 5 grams of crack cocaine triggered a mandatory minimum of 5 years imprisonment. By contrast, a defendant could distribute up to 500 grams of powder cocaine before the mandatory minimum was triggered. The 100-to-1 disparity was reduced to approximately 18-to-1 by the statute, which raised the quantity of crack cocaine that triggers the 5-year minimum prison sentence to 28 grams.

On August 20, 2010, Defendant filed a petition for a reduction of his 65-month sentence, contending that the Fair Sentencing Act should be applied retroactively and that his sentence should be reduced. The statute is silent as to its retroactive application, but Defendant contends that silence creates a "presum[ption] that Congress meant for the changes to be retroactive." Def.'s Mot. at 2 (citing *Goodyear Atomic Corp. v. Miller*, 486 U.S. 174, 184–85 (1988); *Snappy v. Unlimited Concepts, Inc.*, 208 F.3d 928, 936 (11th Cir. 2000)).

On August 30, 2010, the Court issued an order directing the government to file a response to Defendant's petition, specifically addressing whether the Fair Sentencing Act has any retroactive application in a case where the defendant was convicted and sentenced before the statute was enacted. The Government's response was received on September 7, 2010, and a supplementary letter was received on September 21, 2010.

The Government contends in its response that the general savings statute, 1 U.S.C. § 109, applies to "bar the application of ameliorative criminal sentencing laws repealing harsher ones in force at the time of the commission of an offense." *Warden, Lewisburg Penitentiary v. Marrero*, 417 U.S. 563, 661 (1974). The savings statute provides:

> The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.

1 U.S.C. § 109. Accordingly, the Fair Sentencing Act does not "extinguish any penalty" that was imposed before its enactment, unless it "expressly provides" to the contrary. As the government emphasizes, there is no express provision in the Fair Sentencing Act which would indicate that it has any retroactive applicability. Accordingly, it provides no benefit for defendants like Mr. Askew

who were convicted and sentenced before it was passed.

Notably, the Sixth Circuit reached the same conclusion concerning the retroactive application of the Fair Sentencing Act just one week after the government filed its response. In *United States v. Carradine*, the Sixth Circuit held that the general savings statute applies to the Fair Sentencing Act because there is "no express statement that it is retroactive." 621 F.3d 575, 580 (6th Cir. 2010). Consequently, the Sixth Circuit concluded, "we must apply the penalty provision in place at the time [a defendant] committed the crime in question." *Id.* Accordingly, even if Defendant Askew had not yet been convicted or sentenced, the Fair Sentencing Act would not apply in this case because the illegal conduct occurred before the statute was enacted.

Accordingly, it is **ORDERED** that Defendant's petition for a sentence reduction [Dkt. # 20] is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: November 18, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 18, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS